# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
## Atlanta Division

| | |
|---|---|
| D. H. PACE COMPANY, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>MATTHEW JOHNSON and LIBERTY GARAGE DOOR SERVICES, LLC,<br><br>    Defendants. | Civil Action No.1:22-CV-01005-SEG |

## PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS

Plaintiff D.H. Pace Company, Inc. ("DH Pace") files this Motion to Dismiss Defendants' Counterclaims, showing the Court as follows:

### I.     INTRODUCTION

On April 5, 2022, Defendants Matthew Johnson and Liberty Garage Door Services, LLC filed their Counterclaims with the Court asserting claims for declaratory relief, injunctive relief, and attorneys' fees against Plaintiff. Defendants have requested that the Court (1) hold the restrictive covenants in Matthew Johnson's Confidentiality, Non-Compete, and Non-Solicitation Agreement void and unenforceable; and (2) prevent Plaintiff from seeking imposition of the restrictive covenants, claiming Defendants will otherwise be irreparably harmed.

1

A review of Defendants' Counterclaims reveals that they incorporate all preceding allegations and, thus, are substantively improper.  As shown below, pursuant to a plethora of Eleventh Circuit case law, Defendants' Counterclaims constitute an impermissible shotgun pleading. Because Defendants have failed to adhere to well-established case law, Plaintiff requests that the Court dismiss Defendants' Counterclaims.

## II.   LEGAL STANDARD

"To withstand a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a complaint must now contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bauer v. State Farm Life Ins. Co.*, 1:21-CV-00464-SDG, 2022 WL 912687, at *2 (N.D. Ga. Mar 28, 2022) (citation omitted). While the Court "must accept as true all of the allegations contained in a complaint," this tenet "is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III.   ARGUMENT

"[A] shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021)(citation omitted). Importantly, "[s]hotgun pleadings are flatly forbidden by the spirit, if not the letter, of these rules because they are calculated to confuse the enemy, and the court, so that theories for relief not provided by law and

which can prejudice an opponent's case, especially before the jury, can be masked." *Id.* (internal quotations omitted). Federal courts "have little tolerance for [shotgun pleadings]" because they are a "waste [of] scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Id.* (citation omitted).

There are four categories of shotgun pleadings. Here, Defendants' Counterclaims fall squarely in the form of "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* at 1325. This Court has deemed similar counterclaims to be shotgun pleadings. *Chinnathambi v. Cwalina*, 1:10-CV-2830-RLV, 2010 WL 11550006, (N.D. Ga. Dec. 2, 2010) at *1.

In Count One, Defendants "re-allege and adopt" all factual allegations contained within 119 paragraphs. [ECF. No. 14 ¶ 120]. Again, in Count Two, Defendants incorporate and adopt all of the preceding paragraphs (1 through 128) of the Counterclaims. [ECF No. 14 ¶129]. Defendants repeat this in Count Three by incorporating all preceding allegations numbering 1 through 135. [ECF. No. 14 ¶136]. By doing so, Defendants cite "irrelevant factual allegations and legal conclusions." *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). As a result, this Court and Plaintiff must "sift

through the facts presented and decide for themselves which [are] material to the particular cause of action asserted, a difficult and laborious task indeed." *Pelletier v. Zweifel*, 921 F.2d 1465 (11th Cir. 1991); *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996).[1]

This Court has been unequivocal in its disapprobation of shotgun pleadings.[2] Defendants' neglect in confirming their pleadings are in conformance with the most basic requirements of this Court should result in their Counterclaims being dismissed.

---

[1] "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996).

[2] "Shotgun pleadings have farther reaching and more insidious effects than mere inconvenience: In addition to watering down the rights of the parties to have valid claims litigated efficiently—whether the plaintiff's or the defendant's— shotgun pleadings wreak havoc on the judicial system. Cases framed by shotgun pleadings consume an inordinate amount of a court's time. As a result, justice is delayed, if not denied, for litigants who are standing in the queue waiting to be heard. Their impression of the court's ability to take care of its business can hardly be favorable. As the public becomes aware of the harm suffered by the victims of shotgun pleading, it too, cannot help but lose respect for the system. Moreover, the consequence of a trial court's inability, or apparent unwillingness, to halt the use of shotgun pleading may prompt parties to turn to non-judicial forums to resolve their disputes. Shotgun pleadings, if tolerated, harm the court by impeding its ability to administer justice. The time a court spends managing litigation framed by shotgun pleadings should be devoted to other cases waiting to be heard. [W]ast[ing] scarce judicial and parajudicial resources ... impedes the due administration of justice and, in a very real sense, amounts to obstruction of justice." *Silt Saver, Inc. v. Hastings*, 1:16-CV-1137-SCJ, 2017 WL 5642247 at *2 n.1 (N.D. Ga. Apr. 6 2017) (citation omitted).

## IV. CONCLUSION

Because Defendants failed to adhere to well-established Eleventh Circuit law, this Court should dismiss Defendants' Counterclaims against Plaintiff.

**FELLOWS LABRIOLA LLP**

s/ Stephen T. LaBriola
Stephen T. LaBriola
Georgia Bar No. 431026
Ethan M. Knott
Georgia Bar No. 737481
Sharika Zutshi
Georgia Bar No. 768189
Suite 2400 Harris Tower
233 Peachtree Street, NE
Atlanta, GA 30303
(404) 586-9200
slabriola@fellab.com
eknott@fellab.com
szutshi@fellab.com

*Attorneys for Plaintiff D. H. Pace Company, Inc.*

## T<small>YPE AND</small> F<small>ONT</small> C<small>ERTIFICATION</small>

The undersigned certifies that the foregoing complies with Local Rule 5.1(C) regarding typefaces and fonts.

                                                      s/Stephen T. LaBriola
                                                      Stephen T. LaBriola

## **CERTIFICATE OF SERVICE**

This is to certify that on this day I filed the foregoing using the Court's CM/ECF system, which will automatically send notice of the filing to all counsel of record.

This 28th  day of April, 2022.

s/ Stephen T. LaBriola  
Stephen T. LaBriola