# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
### Atlanta Division

| | |
|---|---|
| D. H. PACE COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> MATTHEW JOHNSON and LIBERTY GARAGE DOOR SERVICES, LLC, <br><br> Defendants. | Civil Action No.1:22-CV-01005-SEG |

## **PLAINTIFF'S NOTICE ON EXPEDITED DISCOVERY**

Plaintiff D.H. Pace Company, Inc. ("DH Pace") files this Notice on Expedited Discovery in accordance with this Court's May 24, 2022 Order requesting the same.

Plaintiff requests expedited discovery for the limited purpose of investigating the claims in Plaintiff's Motion for Temporary Restraining Order which are also relevant for the purposes of a Motion for Preliminary Injunction, which Plaintiff intends to file should this Court grant a temporary restraining order. Moreover, the Parties have agreed to an ESI Protocol which is filed herewith.

Plaintiff presents its briefing on the issue of expedited discovery, showing the Court as follows:

1

I. **Plaintiff Seeks Expedited Discovery for the Limited Purpose of Investigating the Claims Set Forth in the Motion for Temporary Restraining Order that would be the Subject of a Preliminary Injunction Motion, which Plaintiff will file Immediately Following the Grant of its Temporary Restraining Order.**

Plaintiff seeks expedited discovery for the limited purpose of investigating Defendants' violations as briefed in Plaintiff's Motion for Temporary Restraining Order and preserving all evidence of the same. Plaintiff would not be seeking, at this time, damages discovery, which would be reserved for further discovery in the ordinary course of discovery in this matter. Plaintiff served the following discovery requests on Defendants on May 20, 2022:

1. Plaintiff D.H. Pace Company, Inc.'s First Set of Requests for Admissions to Defendant Liberty;

2. Plaintiff D.H. Pace Company, Inc.'s First Set of Requests for Admissions to Defendant Matthew Johnson;

3. Plaintiff D.H. Pace Company, Inc.'s First Request for Production of Documents to Defendant Liberty;

4. Plaintiff D.H. Pace Company, Inc.'s First Request for Production of Documents to Defendant Matthew Johnson;

5. Plaintiff D.H. Pace Company, Inc.'s First Set of Interrogatories to Defendant Liberty; and

      6. Plaintiff D.H. Pace Company, Inc.'s First Set of Interrogatories to Defendant Matthew Johnson.

The responses to this discovery currently are due on June 23, 2022. Plaintiff requests the Court expedite Defendants' response deadline to June 7, 2022. Plaintiff also request this Court order Defendants to make the following witnesses available for depositions between June 9 and 15, 2022: Craig Johnson, Matthew Johnson, Shafie Hussein, and a representative of Synovus Bank, which approved Liberty's SBA loan. The depositions would be for the limited purpose of determining the extent of the Defendants' violations of the applicable restrictive covenants and usage of Plaintiff's confidential and proprietary information. Plaintiff will not depose witnesses regarding damages discovery as it is irrelevant to the limited purpose outlined *supra*. Instead, Plaintiff request the ability to depose these witnesses more fully at a later time.

      Plaintiff and Defendants also have come to an agreement on the Proposed ESI Protocol, attached hereto as Exhibit A, which will allow Plaintiff to investigate the extent of Defendants' usage of Plaintiff's confidential and proprietary information. Plaintiff requests this Court enter an Order requiring Defendants to comply with the first step to the ESI Protocol (B. 1) no later than 24 hours after the Court issues its Order on Plaintiff's Motion for Temporary Restraining Order, and change the time

period in 7(f) to require Defendants to object to the disclosure of items within twenty-four (24) hours.

Accordingly, due to the nature of the claims at issue in this matter, expedited discovery is required in anticipation of a Preliminary Injunction Motion and possible hearing.[1]

## II.   CONCLUSION

Plaintiff requests this Court order expedited discovery as set forth herein.

Respectfully submitted this 27th day of May, 2022.

                      **FELLOWS LABRIOLA LLP**

                      /s/ Stephen T. LaBriola
                      Stephen T. LaBriola
                      Georgia Bar No. 431026
                      Ethan M. Knott
                      Georgia Bar No. 737481
                      Suite 2400 Harris Tower
                      233 Peachtree Street, NE
                      Atlanta, GA 30303
                      (404) 586-9200
                      slabriola@fellab.com
                      eknott@fellab.com

                      *Attorneys for Plaintiff D. H. Pace Company, Inc.*

---

[1] Lead counsel for Plaintiff has planned an impromptu trip to Europe to see his son, who is a Lieutenant in the US Army and has been conducting exercises in a NATO allied country, between June 20 and July 3. If the Court schedules a hearing on a Preliminary Injunction, Plaintiff respectfully would request the Court schedule it on or before June 17 (but certainly within the fourteen (14) day period allowed pursuant to Fed. R. Civ. P. 65(b)(2)) or allow the parties to participate via Zoom.

## TYPE AND FONT CERTIFICATION

The undersigned certifies that the foregoing complies with Local Rule 5.1(C) regarding typefaces and fonts.

s/Stephen T. LaBriola<br>
Stephen T. LaBriola

## CERTIFICATE OF SERVICE

I certify that on this day, I caused this document to be electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification to all attorneys of record.

Respectfully submitted this 27th day of May, 2022.

s/ Stephen T. LaBriola
Stephen T. LaBriola

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
Atlanta Division

| | |
|---|---|
| D. H. PACE COMPANY, INC.,<br><br>   Plaintiff,<br><br>v.<br><br>MATTHEW JOHNSON and LIBERTY GARAGE DOOR SERVICES, LLC,<br><br>   Defendants. | Civil Action No.1:22-CV-01005-SEG |

## PROPOSED ESI PROTCOL

**WHEREAS**, D.H. Pace Company, Inc., ("DH Pace") Matthew Johnson, and Liberty Garage Door Services, LLC ("Liberty") (each a "Party" and collectively, the "Parties") are engaged in litigation in the above-captioned matter;

**WHEREAS**, the Parties mutually seek to reduce the time, expense, and other burdens of discovery, as described further below, and to better define the scope of their obligations with respect to collecting, and producing discoverable information as related to the forensic examinations of Matthew Johnson's and Liberty's devices as defined below;

1

**WHEREAS**, the Parties understand and agree that the purpose of this Protocol for the Preservation, Collection and Production of Electronically Stored Information (the "ESI Protocol") is to facilitate and streamline the exchange of electronic discovery in this case, particularly the forensic examinations of Matthew Johnson's and Liberty's devices;

The Parties agree that the scope of discovery set forth in Fed. R. Civ. P. 26 and the principles of cooperation, transparency, and proportionality will guide all actions taken under this ESI Protocol. The Parties agree to meet and confer in good faith to resolve any disputes arising under these Instructions. The Parties agree that they may bring these Instructions to the Court's attention to the extent that they are unable to resolve any such dispute after a good faith meet and confer.

**A.** **Definitions**:

"**Personal Devices**" shall mean all electronic devices to which Matthew Johnson or Craig Johnson used from January 1, 2021 to the present, including but not limited to computers, laptops, iPads, tablets, thumb or flash drives, and any other electronic storage devices (whether physical or in the cloud), and cell phones. To be clear, if either Matthew or Craig Johnson used another family member's electronic devices for purposes other than purely house/family related matters, then such other devices also shall be included in the definition of "Personal Devices".

"**Company Devices**" shall mean all electronic devices owned or controlled by Liberty Garage Door Services, LLC ("Liberty") and used for the benefit of Liberty, including but not limited to computers, laptops, iPads, tablets, thumb or flash drives, and any other electronic storage devices (whether physical or in the cloud), and cell phones.

"**Confidential Information**" shall mean all price lists and other pricing information including formulas and lists; parts books; operating procedures and forms; customer lists and other customer information (including the identity of the DH Pace's customers); the source of DH Pace's suppliers and other supplier information; DH Pace's financial information; all proposals, bids and related bidding information and takeoffs; and DH Pace contracts; vendor agreements; distributorship agreements and customer agreements; department scorecards; sales data; production financial data; and revenue data formulated by and/or in the possession of DH Pace. This definition of "Confidential Information" was drafted by DH Pace and is being used solely for purposes of this protocol. It does not reflect any agreement or admission by Defendants that the documents described are confidential, proprietary, or protected trade secret information.

B.  **ESI Protocol**

1. Defendants shall identify all Personal Devices and Company Devices they or any agent of Liberty have used since January 1, 2021. Defendants shall identify all social media and company media in use since January 1, 2021, including but not limited to, Facebook, Twitter, WhatsApp, Snapchat, etc. Defendants shall identify all email accounts used since January 1, 2021, including but not limited to, Gmail. Defendants shall certify under oath that they have identified all items under this No. 1 and have not withheld any items.

2. The forensic investigator shall make a mirror copy of the content of all devices identified in No. 1 and Defendants shall for a reasonable time provide to the forensic investigator the passwords to access all internet accessible media, such as Facebook and Gmail. To the extent such internet accessible media requires two step authentication, Defendants shall assist the forensic investigator in accessing such media.

3. Once the devices are copied, the investigator shall provide to both sides a list of the devices copied.

4. Next, Plaintiff's counsel shall be free to work directly with the investigator in guiding his search among the mirrored devices for Confidential

Information. These communications will be *ex parte*, but only the forensic investigator will be allowed to view documents during this step, and he may only provide a general description of the documents to counsel. .

5. Upon locating Confidential Information, as defined in this protocol, the forensic investigator shall gather the documents electronically and make a list of the documents located, including identifying them by file type, name, size, date, location, etc. The *list* will be published to both parties and may be seen by Plaintiff and Plaintiff's counsel.

6. Once Defendants' counsel has had an opportunity to review the list and the listed documents and object to the disclosure of any listed document(s) that should not be seen by Plaintiff or Plaintiff's counsel, the investigator shall share the non-objected documents with Plaintiff and Plaintiff's counsel.

7. The Parties agree that, upon execution of this ESI Protocol:

    (a) Plaintiff shall disclose the appointed forensic investigator within seventy-two (72) hours after the execution of this ESI Protocol;

    (b) Within one (1) week after the execution of this ESI Protocol Defendants shall provide the investigator with Personal Devices, Company Devices, access to Matthew Johnson's Gmail account and any other e-mail account Matthew Johnson has used since January

2021, and access to all of Matthew Johnson's and Liberty's social media accounts;

(c) The Defendants shall provide the investigator with a list of all relevant passwords and other information needed to access the Personal Devices and Company Devices when the devices are provided;

(d) The investigator shall make a mirror copy of all Personal Devices and Company Devices within one (1) week;

(e) The investigator shall provide a list of all documents and data retrieved after the investigator has made mirror copies of all Personal Devices and Company Devices within four (4) weeks of the completion of the forensic examination;

(f) Defendants shall object to the disclosure of any documents or data contained within the investigator's list within two (2) weeks of receiving said list and documents from the investigator; and

(g) The forensic investigator shall share the non-objected documents and data with Plaintiff's counsel and Defendants' counsel twenty-four (24) hours after Defendants' objections are disclosed.

8. The parties agree to work together in good faith regarding protecting any proprietary concerns through a consent protective order and in identifying and, to the extent possible, minimizing discovery disputes and in presenting discovery disputes to the Court for resolution.

**FELLOWS LABRIOLA LLP**

/s/ Stephen T. LaBriola
Stephen T. LaBriola
Georgia Bar No. 431026
Ethan M. Knott
Georgia Bar No. 737481
Suite 2400 Harris Tower
233 Peachtree Street, NE
Atlanta, GA 30303
(404) 586-9200
slabriola@fellab.com
eknott@fellab.com

*Attorneys for Plaintiff D. H. Pace Company, Inc.*

**HALL, GILLIGAN, ROBERTS & SHANLEVER, LLP**

/s/Wayne M. Cartwright
David A. Roberts
Georgia Bar No. 608444
droberts@hgrslaw.com
Brian S. Abrams
Georgia Bar No. 611649
babrams@hgrslaw.com
Wayne M. Cartwright

Georgia Bar No. 257328
wcartwright@hgrslaw.com
3340 Peachtree Road, N.E.
Suite 1900
Atlanta, Georgia 30326-1082
T: (404) 247-0994
F: (404) 537-5555

*Attorneys for Defendants*