UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| D.H. PACE COMPANY, INC., | |
| Plaintiff, | CIVIL ACTION NO. |
| v. | 1:22-CV-01005-SEG |
| MATTHEW JOHNSON and LIBERTY GARAGE DOOR SERVICES, LLC, | |
| Defendants. | |

**O R D E R**

This case is before the Court on Plaintiff's motion for expedited discovery (Doc. 2) and on the related requests made in Plaintiff's Notice on Expedited Discovery (Doc. 55). The Court has reviewed and considered Defendants' response. (Doc. 56.) On June 6, 2022, the Court held a telephone conference to discuss expedited discovery. For good cause shown, the motion for expedited discovery is GRANTED in part as set forth herein.

**I.   Background**

On June 3, 2022, the Court granted in part Plaintiff's motion for a TRO. In that motion, Plaintiff requested expedited discovery. Plaintiff seeks expedited discovery in anticipation of a soon-to-be-held preliminary injunction

hearing. Plaintiff requests a hearing within 14 days of the TRO or by June 17, 2022.

## II. Discussion

The Eleventh Circuit has not adopted a standard for allowing expedited discovery, but many district courts within the Eleventh Circuit have used a general "good cause" standard when evaluating such requests. *See, e.g., In re Chiquita Brands Int'l, Inc.*, Case No. 08-01916, 2015 U.S. Dist. LEXIS 189224, at *442 (S.D. Fla. Apr. 15, 2015); *TracFone Wireless, Inc. v. Holden Prop. Servs. LLC*, 299 F.R.D. 692, 694 (S.D. Fla. 2014); *Pulsepoint, Inc. v. 7657030 Canada Inc.*, Case No. 13-61448, 2013 U.S. Dist. LEXIS 199573, at *3 (S.D. Fla. Oct. 31, 2013). "In determining whether good cause exists, the court should weigh the need for quick discovery against the prejudice to the responding party." *Rivera v. Parker*, No. 1:20-CV-03210-SCJ, 2020 U.S. Dist. LEXIS 248707, at *7 (N.D. Ga. Aug. 28, 2020). "Good cause may be established by showing some impelling urgency which necessitates action forthwith and excuses giving notice to the other party, such as a showing that the desired testimony is in hazard of loss unless the deposition is taken forthwith." *GE Seaco Servs. v. Interline Connection, N.V.*, No. 09-23864-CIV, 2010 U.S. Dist. LEXIS 35367, at *2 (S.D. Fla. Mar. 17, 2010) (citations and quotations omitted.)

Here, the TRO filings showed gaps in the evidence as to certain matters, particularly with respect to the trade secrets claims. Additionally, the efficient resolution of the preliminary injunction proceeding, and the case as a whole, would be served by depositions and other discovery that permit inquiry into the breach of contract, trade secret, and tortious interference claims. Expedited discovery will facilitate the presentation of evidence at the preliminary injunction hearing. As such, the Court finds that the need for expedited discovery outweighs the prejudice to the responding party in this instance.

The Court orders that the parties proceed with expedited discovery as follows:

1. The parties are DIRECTED to confer to find a mutually agreeable time and date for the depositions of Craig Johnson, Matthew Johnson, and Shafie Hussein. These depositions shall take place by Wednesday, June 15, 2022. Each deposition shall be limited to two hours but shall not otherwise be limited in scope.

2. Plaintiff is DIRECTED to select from the discovery requests already served upon Defendants on May 20, 2022, a maximum of ten (10) interrogatories, twenty (20) requests for production, and twenty (20) requests for admission that Plaintiff would like for Defendants to

respond to on an expedited basis. Plaintiff's counsel is DIRECTED to notify Defendants' counsel by email of the selected discovery requests by Tuesday, June 7, 2022, at 12:00 p.m. Defendants are then DIRECTED to respond to these discovery requests by Friday, June 10, 2022.

3. Defendants are DIRECTED to comply with subsection B(1) of the proposed ESI Protocol, (Doc. 55, Ex. A at 4), by Friday, June 10, 2022, at 12:00 p.m.

**SO ORDERED** this 7th day of June, 2022.

_____
SARAH E. GERAGHTY
United States District Judge