## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### Atlanta Division

| | |
|---|---|
| D. H. PACE COMPANY, INC., | |
| Plaintiff, | |
| v. | Civil Action No.1:22-CV-01005-SEG |
| MATTHEW JOHNSON and LIBERTY GARAGE DOOR SERVICES, LLC, | |
| Defendants. | |

### DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S EXPEDITED MOTION FOR CLARIFICATION ON SCOPE OF TEMPORARY RESTRAINING ORDER

Defendants Matthew Johnson ("M. Johnson") and Liberty Garage Door Services, LLC ("Liberty" and collectively as "Defendants") respectfully submit this Response in Opposition to D.H. Pace's ("DH Pace") Motion for Clarification (Doc. 59.) pursuant to this Court's Order of June 9, 2022.

### INTRODUCTION

This Court's Order granting, in part, DH Pace's TRO Motion (Doc. 57.) does not need clarification. Although neither Plaintiff nor Defendants secured the exact result they desired, the Order is nonetheless crystal clear in its relevant holdings. DH Pace simply does not like the result. Noting that "Defendants have a point" regarding their position that the non-compete provision lacks a required scope of

1

restricted activities and amounts to an "any capacity" restriction, this Court, with detailed reasoning, found the provision facially overbroad, "blue-penciled" it to remove the unenforceable "any capacity" terms, and left in place the remaining prohibition against M. Johnson acquiring an ownership interest in a competitor subject to the covenant's terms.   (Doc. 57, p. 22-27.) Although Defendants respectfully disagree with the Court's rejection of their other arguments, they accept and respect the Court's findings to this point in the litigation.  DH Pace baselessly argues otherwise.

Indeed, the issue before the Court is very simple. DH Pace drafted an illegal restrictive covenant. (Id. at 22-24.) It required M. Johnson to sign the illegal covenant if he wanted a job. After M. Johnson resigned, DH Pace tried to enforce its illegal covenant and stifle competition.

This Court specifically held that DH Pace's restrictive covenant was "not 'reasonable' under the GRCA." (Id. at 24.) DH Pace asked this Court to exercise the discretion provided under O.C.G.A. § 13-8-54(b) and modify its illegal non-compete to comply with Georgia law. (Docs. 15; 35; and 37.) In making this request, DH Pace specifically and admittedly represented to this Court that the "acquire an interest in" provision, "only prevents Matt Johnson from one activity: acquiring an interest in a direct competitor." (Doc. 37, p. 5.) DH Pace expressly rejected the idea that the "'or acquire an interest in' language is akin to association more than

ownership" arguing that was an "illogical interpretation and ignores the plain meaning." (Doc. 37, p. 9.)

This Court took DH Pace at its word, obliged its request, and modified the non-compete as follows:

> During your employment and for 12 months following the termination of your employment, you will not ~~directly or indirectly engage in, or~~ acquire an interest in as an individual, partner, stockholder, director, officer, principal, agent, consultant or employee, any business that is a direct competitor of the Company.

(Doc. 57, p. 25.) DH Pace, realizing the clear meaning of this Court's Order and that the modified covenant did not illegally stifle competition,[1] has unashamedly reversed itself. (Doc. 59.) DH Pace now asks this Court, despite its Order, to construct an illegal "any capacity" restrictive covenant arguing that "if Johnson works for Liberty (even without an ownership interest), he is acquiring an interest in Liberty as an agent, consultant, employee, and/or officer." (Doc. 59, p. 2.) DH Pace's

---

[1]     DH Pace's Motion to Clarify shows it is singularly focused on keeping Matthew Johnson from working. Despite this Court's grant of substantial expedited discovery to fill in "gaps in the evidence as to certain matters, particularly with respect to the trade secrets claims," (Doc. 58, p. 3) DH Pace consented to a lengthy extension of the Court's Temporary Restraining Order [Doc.60] providing DH Pace's "trade secrets" the same protection Defendants have offered since the inception of this case (Doc. 56). Then, within minutes of the Parties submitting their Consent Order, DH Pace filed this Motion requesting that the Court revive its illegal restrictive covenant and prohibit M. Johnson from competing in any capacity against it.

argument must be rejected because it is inconsistent, illogical, and an illegal restraint under Georgia law.

## ARGUMENT AND CITATION TO AUTHORITY

### A.    DH Pace's Position Is Inconsistent

"Where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him. This rule, known as judicial estoppel, generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire v. Maine*, 532 U.S. 742, 749, 121 S. Ct. 1808, 1814 (2001) (citations omitted).

"[T]ypically courts should evaluate: (1) whether the present position is 'clearly inconsistent' with the earlier position; (2) whether the party succeeded in persuading a tribunal to accept the earlier position, so that judicial acceptance of the inconsistent position in a later proceeding creates the perception that either court was misled; and (3) whether the party advancing the inconsistent position would derive an unfair advantage on the opposing party. *Alvarez v. Royal Atl. Developers*, Inc., 854 F. Supp. 2d 1219, 1226-27 (S.D. Fla. 2011) (citations omitted).

DH Pace has reversed its position on the meaning of the "acquire an interest in" provision. Before this Court's Order and "blue-penciling" of the non-compete, the parties exhaustively briefed whether the "acquiring an interest in" provision sufficiently limited the non-compete to satisfy Georgia law. (Docs. 23, 37, 45, and 46.) Thus, both sides devoted several pages to what the language meant. (Doc. 23, p. 5-6; Doc. 37, p. 5-9; and Doc. 45, p.4-6.)[2]

In its briefing, DH Pace represented to this Court that the "acquire an interest in" language was "not so broad," and did not "effectively bar the former employee from working in any capacity for competitors." (Doc. 37, p. 5.) DH Pace further stated, the "language does not prevent Matt Johnson 'from being connected in any way' with a direct competitor." (Id. at 8.) DH Pace was clear, the "acquire an interest in" language, "**only** prevents Matt Johnson from one activity: acquiring an interest in a direct competitor." (Id. at p. 5.) (emphasis added). In other words, "'acquiring an interest in' means obtaining a stake in a business." (Id. at 10.)

DH Pace was not only clear that the "acquire an interest" language was limited solely to ownership, but it also dismissed its own current interpretation of the

---

[2] Defendants acknowledge they argued that the "acquire an interest provision" was broader and not limited to pure ownership. (Docs. 23 and 45.). After explicitly referencing Defendants' argument, this Court disagreed and held, "the 'or acquire an interest in' language provides a sufficiently narrow scope of activity that satisfies the RCA." (Doc. 57, FN 5). Thus, Defendants have not reversed their position but respect this Court's ruling.

language as "an illogical interpretation [that] ignores the plain meaning of the provision. Simply, the covenant prohibits Johnson from owning a percentage of a 'direct competitor' regardless of the title bestowed upon him." (Id. at 9.)

Now, simply because DH Pace's interests have changed, it adopts a clearly inconsistent position that "becoming a part-owner of a direct competitor, [] is not the *only* way in which the non-compete can be breached." (Doc. 59, p. 4) (emphasis in original.) DH Pace claims "the acquire an interest in" provision "has always been [about] more than pure ownership." (Doc. 59, p. 4.)

DH Pace's new position is clearly inconsistent from its prior position; accepting it now would create the perception that this Court was misled; and DH Pace would derive an unfair advantage over M. Johnson if the "acquire an interest in" language was interpreted broadly to prohibit him from simply working for Liberty. Therefore, DH Pace should be judicially estopped from making this new argument.

**B.    DH Pace's Position Is Illogical**

DH Pace argues that limiting the "acquire an interest in" provision to only mean ownership "would "render the words agent, consultant, employee, and officer superfluous." (Doc. 59, p. 3.) (quotations omitted.) Ironically, DH Pace, as the drafter, previously explained this language is not superfluous but designed specifically to prevent M. Johnson from obtaining an ownership interest in a

competitor, "regardless of the title bestowed upon him." (Doc. 37, p. 9.) Thus, limiting the "acquire an interest in" provision to only mean "obtaining a stake in a business" does not make agent, consultant, employee, and officer superfluous. (Doc. 37 at 10.)

Next DH Pace states it focused on "ownership" only because it wanted to "show the Court that Johnson, as a thirty-percent owner of Liberty, had breached the non-compete covenant." (Doc. 59, p. 4.) This is simply untrue. DH Pace's briefing focused on – in its own words - Judge Boulee's question, "why doesn't the "or acquire an interest in" language in the non-compete provision fulfill the scope of activity requirement for Plaintiff." (Doc. 37, p. 1.) Whether an actual breach or not had occurred was irrelevant to whether DH Pace's illegal covenant could be judicially modified.

DH Pace's final argument is a clever but flawed ruse. It argues Johnson must be prohibited from working for Liberty to keep him from "continu[ing] to engage in the same violative activities." (Doc. 59, p. 5.) DH Pace further argues that Johnson should not be permitted to work for Liberty in his "managerial role during the period of his restrictive covenant." (Id.) The flaw is obvious, Johnson simply working for Liberty does not violate the covenant and thus continuing to do so would not lead to him engaging in the "same violative activities."

7

Indeed, M. Johnson has complied with the Court's Order. On June 7, 2022, M. Johnson executed a Redemption and Release Agreement which divested him of his 30% stake (and any equity stake) in Liberty. (A copy of the Redemption and Release Agreement is attached as Exhibit 1.) This was not a "pretextual action" to defeat the Court's Order. Instead, M. Johnson gave up his ownership interest in Liberty to comply with the modified covenant. More than a simple "change in title," M. Johnson is no longer an owner of Liberty or any other direct competitor in the Atlanta MSA which is exactly what this Court ordered him to do.

## C.      DH Pace's Position Creates an Illegal Restraint

Setting aside DH Pace's flip-flop and illogical arguments, the clarified, modified covenant it seeks would result in an illegal "any capacity" restraint on M. Johnson. O.C.G.A. § 13-8-53(c)(1). DH Pace is clear that "if Johnson works for Liberty" he would violate the modified covenant. (Doc. 59, p. 2.) This is exactly what the Court found could not be enforceable.

As a result, under DH Pace's proposed "clarification", "Johnson could not get any job at a competing company – not as a janitor, a security guard, a call center operator, or in any other position." (Doc. 57, p. 23.) Exactly what this Court held was unenforceable. (Id.)  As the Court explained in its Order:

> "Courts have taken a dim view of noncompete agreements that broadly prohibit former employees from working in any capacity with a competitor. *See, e.g., Burbach v. Motorsports of Conyers, LLC*, 871 S.E.2d 63, 67 (Ga. Ct. App. 2022) (stating that "[c]ovenants that do not list specific limits on

the type of activity, and effectively bar former employees from working in any capacity for competitors, have been deemed overbroad and unreasonable"); *see also ID Tech., LLC v. Hamilton,* No. 1:14-cv-594-TWT, 2014 WL 12703272, *1 (N.D. Ga. Mar. 24, 2014) ("The Court finds that a total prohibition on Defendant working in any capacity with a competitor is unreasonable."); *Ken's Stereo- Video Junction, Inc. v. Plotner*, 253 Ga. App. 811, 812 (2002) (finding noncompete covenant unenforceable because it restricted the former employee from having any direct or indirect association with or interest in any competitor); *Northside Hosp. v. McCord*, 245 Ga. App. at 248 (finding noncompete covenant unenforceable because it prohibited the restricted parties from being involved in any capacity with a competitor)."

(Id. at 23-24.) Thus, for the same reason this Court found the original covenant illegal, it should also reject DH Pace's proposed clarification.

## <u>CONCLUSION</u>

For the reasons stated above, DH Pace's new position on the meaning of the "acquire an interest in" language must be rejected. DH Pace's non-compete should remain as modified, and if this Court's Order needs clarity, Defendant's request that this Court reiterate that under the modified non-compete, M. Johnson cannot own an interest in Liberty, but he is not prohibited from working for Liberty as an employee.

Respectfully submitted this 14th day of June, 2022.


> **HALL, GILLIGAN, ROBERTS & SHANLEVER, LLP**
>
> */s/David A Roberts*
> David A. Roberts
> Georgia Bar No. 608444
> droberts@hgrslaw.com

Brian S. Abrams
Georgia Bar No. 611649
babrams@hgrslaw.com
Wayne M. Cartwright
Georgia Bar No. 257328
wcartwright@hgrslaw.com

3340 Peachtree Road, N.E.
Suite 1900
Atlanta, Georgia 30326-1082
T: (404) 247-0994
F: (404) 537-5555

*Attorneys for Defendants*