## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### Atlanta Division

D.H. PACE COMPANY, INC.     )
     )
     )
    Plaintiff,     )
     )     CIVIL ACTION
Vs.     )
     )     FILE NO. 1:22-CV-01005
MATTHEW JOHNSON and     )
LIBERTY GARAGE DOOR     )
SERVICES, LLC,     )
     )
    Defendants.     )

## PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS
## MOTION FOR CLARIFICATION

Plaintiff D.H. Pace Company, Inc. ("DH Pace" or "Plaintiff") hereby files this

Reply Brief in Support of Plaintiff's Motion for Clarification.

After declaring this Court's Order [ECF No. 57] "crystal clear" and that it

"does not need clarification" Defendants apply their own interpretation (while

hyperbolically accusing Plaintiff of stifling competition purposely and illegally) [1] of

---

[1] Defendants' fn. 1 contends Plaintiff is "singularly focused on keeping Matthew Johnson from working." [ECF No. 65, p. 3]. What Plaintiff said, in fact, was "…DH Pace [does not] seek to prevent Johnson from gainful employment that is not subject to the non-compete covenant or engaging in competing activity outside of the Atlanta MSA." [ECF No. 59, p. 5]. This has been DH Pace's stance since the inception of this matter. However, acquiring an interest in a competing company immediately after termination, while lying about establishing said company, and recruiting at least two DH Pace employees, one of whom DH Pace was informed of just before filing its Motion for Clarification [ECF No. 59], are examples of the types of impermissible activities the restrictive covenant was intended to prevent.  Moreover, in accordance with this Court's instructions during the telephone hearing on June 6, 2022, it should come as no surprise

1

the Court's Order in their Opposition to Plaintiff's Motion for Clarification, highlighting the need for this Court to issue a clarification.  Plaintiff and Defendants have interpreted the scope of the modified non-compete provision in this Court's Order differently and need further explanation from the Court as to: (1) the scope of the modified non-compete provision; and (2) actions that Matthew Johnson must take to comply with this Court's Order.

Defendants have mischaracterized the Court's June 3rd Order by arguing that the Court meant that Johnson violated the non-compete provision only because he *owned* part of Liberty, and that simple divestiture of his ownership in Liberty would solve everything.  Pertinent to this motion for clarification, the Court held:

> After careful consideration of the GRCA, the case law, and the record, the Court will exercise its authority to blue-pencil the Agreement as follows:
>
> During your employment and for 12 months following the termination of your employment, you will not ~~directly or indirectly engage in, or~~ acquire an interest in as an individual, partner, stockholder, director, officer, principal, agent, consultant or employee, any business that is a direct competitor of the Company.

[ECF No. 57, p. 25].

Defendants ignore the fact that Plaintiff suggested the blue-pencil redaction the Court made.  Defendants read the modified provision as only applying to

---

to the Defendant Matthew Johnson, who has carried on business as usual, that the Plaintiff would seek such relief.

"ownership," a word that does not even appear in the modified provision, and conveniently ignore the remaining words as if they have no meaning. Defendants swap the word "own" for an entire phrase and incorrectly state that Plaintiff agreed with this narrow interpretation in its briefing, and more importantly ignore the plain language in the restrictive covenant and the Court's June 3, 2022 Order. Rather than seek clarification (as they should have done), Defendants take liberty to further narrow the Court's modification of the restrictive covenant using their own blue pencil to omit several words and add another.

Defendants' interpretation that the Court's modification of the restrictive covenant requires only that Matt Johnson divest his "ownership" in Liberty is also flawed. Since the entry of the Court's June 3, 2022, Order granting Plaintiff's Motion for Temporary Restraining Order, Plaintiff has received documents it subpoenaed from Synovus Bank ("Synovus"), where Craig Johnson obtained the SBA loan to finance Liberty. While Craig Johnson testified in his declaration that there was not a signed Operating Agreement between himself, Matthew Johnson and Liberty [ECF No. 13, Declaration of Craig Johnson] the Synovus Bank documents prove otherwise. Attached as Exhibit A, is the signed Operating Agreement Craig Johnson submitted to Synovus. It shows that Matthew Johnson promised "sweat equity" in exchange for his membership interest in Liberty that began on August 11, 2021 (*while he was still employed with Plaintiff*) and that such interest would

increase by 5% each year until Matthew Johnson was capped at 49%.  *Id.* at 3. Matt Johnson has had *ten months* to contribute to Liberty in direct competition with DH Pace in ways that have nothing to do with his "ownership" interest in Liberty.[2] Between January 1, 2022 (if not August 11, 2021) and June 7, 2022, the date of Matthew Johnson's purported Redemption and Release Agreement, Matthew Johnson has been fulfilling his promised "sweat equity" by performing operational and managerial duties on behalf of Liberty in its competition with Plaintiff. From Defendants' response brief, it is clear Matthew Johnson is continuing to perform, and intends to continue to perform, the same operational and managerial role for Liberty, this Court's Order notwithstanding, in violation of the restrictive covenant.

Plaintiff respectfully asks this Court for clarity as to (1) which activities and/or capacities Matthew Johnson is precluded from engaging in compliance with the modified non-compete covenant; and (2) what Matthew Johnson must do to comply with this Court's Order.

Respectfully submitted this 16th day of June, 2022.

---

[2] Defendants have contended at various points in this litigation that it is not really a competitor of DH Pace and that it operates in a different market, etc.  While the Court has held that Liberty is a direct competitor, it is worth noting that Craig Johnson submitted a "Business Plan" on June 21, 2021, attached hereto as Exhibit B, to Synovus that identified "Overhead Door Company of Atlanta" as its number one competitor under the heading, "Our Competitors." Ex B, p. 5. DH Pace operates in Atlanta under the name, Overhead Door Company of Atlanta. [ECF No. 1, ¶ 8].

**FELLOWS LABRIOLA LLP**
<u>/s/ Stephen T. LaBriola</u>
Stephen T. LaBriola
Georgia Bar No. 431026
Ethan M. Knott
Georgia Bar No. 737481
Sharika Zutshi
Georgia Bar No. 768189
Suite 2400 Harris Tower
233 Peachtree Street, NE
Atlanta, GA 30303
(404) 586-9200
slabriola@fellab.com
eknott@fellab.com
szutshi@fellab.com
*Attorneys for Plaintiff D. H. Pace Company, Inc.*

**<u>TYPE AND FONT CERTIFICATION</u>**

The undersigned certifies that the foregoing complies with Local Rule 5.1(C) regarding typefaces and fonts.

<u>s/Stephen T. LaBriola</u>
Stephen T. LaBriola

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on this day, I caused this document to be electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification to all attorneys of record.

Respectfully submitted this 16th day of June, 2022.

<u>s/ Stephen T. LaBriola</u>
Stephen T. LaBriola