# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
## Atlanta Division

| | |
|---|---|
| D. H. PACE COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> MATTHEW JOHNSON and LIBERTY GARAGE DOOR SERVICES, LLC, <br><br> Defendants. | Civil Action No.1:22-CV-01005-SEG |

## PLAINTIFF D.H. PACE COMPANY, INC.'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR CONSOLIDATED HEARING

Plaintiff D. H. Pace Company, Inc. files this Response in Opposition to Defendants' Motion for Consolidated Hearing (ECF No. 77), showing the Court as follows:

Defendants appear to raise two issues in their Motion. *First*, Defendants ask the Court to hear "their prior-filed, pending and fully brief Motion for Injunctive Relief" (ECF No. 16) at the July 25, 2022 hearing. But the issues raised in that motion are moot. As Defendants admit, their motion does not provide any new substantive analysis or arguments. Instead, the motion simply incorporates the

1

arguments that Defendants raised in their Memorandum in Opposition to Plaintiff's Motion for Temporary Restraining Order (ECF No. 13).[1]

On June 3, 2022, this Court granted, in part, Plaintiff's Motion for Temporary Restraining Order. (ECF No. 57). In doing so, the Court upheld both (a modified version of) the non-compete restrictive covenant and the non-solicit restrictive covenant as valid and enforceable. (ECF No. 57 at 16-31). The Court also held that Plaintiff showed "a substantial likelihood of success on the merits of certain breach of contract claims." (ECF No. 57 at 16-32).[2] These rulings resolved the arguments raised in Defendant's Memorandum in Opposition to Plaintiff's Motion for Temporary Restraining Order. Because Defendants' Motion for Injunctive Relief only incorporates by reference these same arguments, the Motion for Injunctive Relief is moot. Thus, the Court should reject Defendants' attempt to have the Motion for Injunctive Relief heard at the July 25, 2022 hearing and should deny the motion as moot.

---

[1] *See* ECF No. 16 ("Defendants' grounds for this Motion are set forth in detail in Defendants' Memorandum in Opposition to Plaintiff's Motion for Temporary Restraining Order [Doc. 13] and exhibits [Docs. 13-1 – 13-12], and in Defendants' Verified Answer, Affirmative Defenses and Counterclaims for Declaratory Judgment, Injunctive Relief, and Attorneys' Fees filed contemporaneously herewith.").

[2] The Court later clarified its Order on Plaintiff's Motion for Temporary Restraining Order, but this clarification did not affect the Court's ruling that the non-compete restrictive covenant, as modified, and the non-solicit restrictive covenant are valid and enforceable. (ECF No. 76).

Second, Defendants appear to go beyond their "Motion for Consolidating Hearing" by arguing that they "are entitled to injunctive relief enjoining Plaintiff from, among other things, further prosecuting its claims related to the provisions this Court has found facially overbroad and incapable of modification." (ECF No. 77 at 2-3). It is unclear how this argument relates to "consolidating" the hearing. If Defendants want to raise this issue, they should do so in a separate, more appropriate motion.

Regardless, Defendants' cited cases do not support their position. To be sure, none of the cases deal with an employee trying to secure injunctive relief against an employer after the court upheld a modified version of a restrictive covenant. In fact, most (if not all) of the cited cases involve employees seeking *preemptive* rulings on the enforceability of restrictive covenants contained in their employment agreements. And most of the cited cases pre-date the Georgia Restrictive Covenant Act. Thus, at the time, Georgia courts could only strike down restrictive covenants, not modify them.

In any event, Defendants also fail to explain how such an injunction would work or why it is necessary. The Court's rulings on the validity and enforceability of the restrictive covenants at issue are the law of the case. It is unclear why Defendants believe that an injunction is necessary to follow the law of the case. Nor is it clear as to what "claims" that Defendants believe cannot be prosecuted given

the Court's rulings on the validity and enforceability of the restrictive covenants. This is especially true given that the Court has already held that there is a substantial likelihood that Plaintiff will succeed on its claim for breach of contract related to the contract that contains the restrictive covenants.

For these reasons, the Court should deny Defendants' Motion for Consolidating Hearing.

Respectfully submitted this 7th day of July, 2022.

        **FELLOWS LABRIOLA LLP**

        /s/ Stephen T. LaBriola
        Stephen T. LaBriola
        Georgia Bar No. 431026
        Ethan M. Knott
        Georgia Bar No. 737481
        Sharika Zutshi
        Georgia Bar No. 768189
        Suite 2400 Harris Tower
        233 Peachtree Street, NE
        Atlanta, GA 30303
        (404) 586-9200
        slabriola@fellab.com
        eknott@fellab.com
        szutshi@fellab.com

        *Attorneys for Plaintiff D. H. Pace Company, Inc.*

### TYPE AND FONT CERTIFICATION

The undersigned certifies that the foregoing complies with Local Rule 5.1(C) regarding typefaces and fonts.

s/Stephen T. LaBriola
Stephen T. LaBriola

## **CERTIFICATE OF SERVICE**

I certify that on this day, I caused this document to be electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification to all attorneys of record.

Respectfully submitted this 7th day of July, 2022.

s/ Stephen T. LaBriola
Stephen T. LaBriola
